IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| ANTHONY ROBERT FABRIZIO,  *Debtor* | Case No. 05-13518-TPA  Chapter 7 |
| ANTHONY ROBERT FABRIZIO,  *Plaintiff*,  v.  U.S. DEPARTMENT OF EDUCATION: BORROWER SERVICES DEPARTMENT DIRECT LOANS,  *Defendant* | Adversary Number 06-1041-TPA |

## MEMORANDUM ORDER

AND NOW, this **15th** day of ***February, 2007***, the Plaintiff in the above matter has forwarded documentation to the Court (copies attached as Exhibit "A".) Although the intent of the same is not completely clear, apparently the documentation is intended for the purpose of affecting the Court's decision in the pending, previously briefed and argued, *Motion for Summary Judgment* filed by the Defendant U.S. Department of Education in the above matter.

Statements made in letters to the Court, like similar statements in briefs and at argument, are not evidence, and the same will not be considered by the Court for purposes of determining pending Motions for Summary Judgment. In deciding summary judgment motions, unsubstantiated arguments made in briefs or at oral argument (or other similar communications to the Court as done in the present case) do not constitute evidence for purposes of consideration. *See Versarge v. Township of Clinton N.J.*, 984 F.2d 1359, 1370 (3d Cir. 1993); *Bell v. United Princeton*

1

*Properties, Inc.*, 884 F.2d 713, 720 (3d Cir. 1989) ("[S]tatements made in briefs are not evidence of the facts asserted); *Jersey Cent. Power & Light Co. v. Township of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985); *In re Spring Ford Industries, Inc.*, 2005 WL 984180, at *7 (Bankr. E.D. Pa. April 19, 2005); *Clements v. Diamond State Port Corporation*, 2004 WL 2223303, at *6 (D. Del. Sept. 30, 2004); *Bocobo v. Radiology Consultants of South Jersey, P.A.*, 2005 WL 3158053, at *3 (D.N.J. Nov. 21, 2005). Therefore,

It is hereby **ORDERED, ADJUDGED and DECREED** that to the extent the communications referred to in the documentation sent to the Court by Counsel for the Plaintiff, Jeff A. Connelly, Esq., are intended to supplement the record before the Court in determining the pending summary judgment motion, the same will not be considered, nor will the Defendant be required to respond to the same.

_____
Thomas P. Agresti
United States Bankruptcy Judge

Case Administrator to serve:
    Debtor
    Counsel for Debtor
    Counsel for U.S. Dept. of Education

**JEFF A. CONNELLY, ESQUIRE**
ATTORNEY AT LAW
824 Hilborn Avenue, Suite 1
Erie, Pennsylvania 16505
(814) 464-9500
Fax: (814) 464-9502

February 13, 2007

**RECEIVED**

Judge Thomas P. Agresti
Date 2/15/07

U.S. Bankruptcy Court
W. Dist. Of PA

Honorable Judge Thomas P. Agresti
U. S. Bankruptcy Court
17 South Park Row, Room A430
Erie, Pennsylvnaia 16501

    Re:    **Fabrizio v. U.S. Department of Education**
             **Adversary 06-1041**

Dear Judge Agresti:

    Based upon the latest earnings figures, Mr. Fabirzio cannot even support himself with his current earnings.

    If you should have any questions, please feel free to call.

                            Sincerely,

                            CONNELLY LAW OFFICE

                            Jeff A. Connelly, Esquire

JAC/mgf
cc:    Farrell

                            EXHIBIT A

**JEFF A. CONNELLY, ESQUIRE**
ATTORNEY AT LAW
824 Hilborn Avenue, Suite 1
Erie, Pennsylvania 16505
(814) 464-9500
Fax: (814) 464-9502

RECEIVED

Judge Thomas P. Agresti
Date 2/15/07

February 13, 2007

Megan E. Farrell, Assistant U. S. Attorney
U.S. Post Office & Courthouse
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

U.S. Bankruptcy Court
W. Dist. Of PA

Re:    Fabrizio v. U.S. Department of Education
       Adversary 06-1041

Dear Megan:

I have just received Mr. Fabrizio's results for the month of January and he ended the month owing the dealership $47.00. In effect he did not earn enough in commissions to cover his "draw". I will forward the documentation on this to you shortly.

Based upon your own arguement, you have to concede that Mr. Fabrizio's income is now far below his expenses.

If you should have any questions, please feel free to call.

Sincerely,

CONNELLY LAW OFFICE

Jeff A. Connelly, Esquire

JAC/mgf
cc:    J. Agresti